no doubt that the plaintiff and the defendants were of one mind in the interpretation that he, the plaintiff, was to submit a sketch of his intended store. However, even if the oral conversation could be interpreted as parol testimony affecting a written contract, it still would not be excluded as pertinent and competent evidence, since parties to a contract may any time subsequently agree to alter a written contract. As stated by Chief Justice BELL in the case of *Elliott-Lewis Corp. v. York-Shipley*, 372 Pa. 346: "The Parol Evidence Rule which prohibits the admission of oral evidence to vary or contradict a written contract does not apply to or prohibit a subsequent modification by parol; it applies only to prior or contemporaneous statements or agreements which induced the written agreement in question . . . It is well settled that a written agreement may be modified by a subsequent (written or) oral agreement and that this modification may be shown by writings or by words or by conduct or by all three."

The lower court found that the plaintiff was not entitled to specific performance, the agreement having been properly cancelled because of the plaintiff's failure to supply the plans needed for the store which was to be erected for the plaintiff. We find no error in this conclusion, nor in any of the other conclusions reached by the court.

Decree affirmed, with costs on the appellant.

## Kenzakoski, Appellant, *v.* Black Creek Improvement Co.

Argued November 15, 1963. Before BELL, C. J., MUSMANNO, JONES, COHEN, O'BRIEN and ROBERTS, JJ.

*George L. Fenner, Jr.,* for appellant.

*Frank J. Gormley,* for appellee.

OPINION PER CURIAM, January 8, 1964:
Judgment affirmed on authority of *Aronauer Appeal,* 404 Pa. 654, 171 A. 2d 765.

Lewis *v.* Elliott, Appellant.

Argued November 19, 1963.   Before JONES, COHEN, O'BRIEN and ROBERTS, JJ.